UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PAMELA GILLIE,** *et al.***,**

    **Plaintiffs,**

                                        **Civil Action 2:13-cv-212**
    v.                                  **Judge James L. Graham**
                                        **Magistrate Judge Elizabeth P. Deavers**

**LAW OFFICE OF**
**ERIC A. JONES, LLC,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

    Plaintiffs commenced the instant action on March 5, 2013, against certain attorneys and their law offices that the Ohio Attorney General ("OAG") has appointed to act as special counsel to collect debts owed to the State of Ohio ("Defendants"). Plaintiffs are Ohio residents who received at least one debt-collection letter written on the OAG's official letterhead from Defendants. Plaintiffs allege that Defendants' use of the OAG's letterhead in their collections communications violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. At this juncture, Plaintiffs have named only two special counsel and their law offices as defendants, but intend to assert a class action and join as defendants all special counsel in the State of Ohio who have used the OAG's letterhead in their collections communications. This matter is before the Court for consideration of the OAG's April 5, 2013 Motion to Intervene as a Defendant and Counterclaimant (ECF No. 3), Defendants' Memorandum in Support of the OAG's Motion to Intervene (ECF No. 12), Plaintiffs' Memorandum in Opposition (ECF No. 9), and the OAG's Reply (ECF No. 13). For the reasons that follow, the OAG's Motion to Intervene is **GRANTED**.

## I.

The OAG seeks to intervene as a matter of right.  Generally, Federal Rule of Civil Procedure 24, which governs interventions, is "broadly construed in favor of potential intervenors."  *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991).

Federal Rule of Civil Procedure 24(a) governs intervention of right.  In pertinent part, Rule 24(a) provides as follows:

> (a) Intervention of Right.  On timely motion, the court must permit anyone to intervene who:
>
> \* \* \*
>
> (2) claims an interest relating to the property or transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).  The United States Court of Appeals for the Sixth Circuit has interpreted Rule 24(a)(2) as requiring the movant to establish each of the following four elements:

> (1) the application was timely filed; (2) the applicant possesses a substantial legal interest in the case; (3) the applicant's ability to protect its interest will be impaired without intervention; and (4) the existing parties will not adequately represent the applicant's interest.

*See Blount—Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999)).  "[F]ailure to satisfy any one of the elements will defeat intervention under the Rule."  *Id*. (citing *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) and *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).  Even if the Court denies intervention as a matter of right under Rule 24(a)(2), it may still grant permissive intervention under Rule 24(b).  *See Purnell*, 925 F.2d at 950

n.8 (noting that although a party only moved for intervention as a matter of right, the court could have considered permissive intervention).

The OAG alternatively applies for permissive intervention in this action under Rule 24(b)(2), which provides as follows:

> (b) Permissive Intervention.
>
> > (2) *By a Government Officer or Agency.* On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:
> >
> > > (A) a statute or executive order administered by the officer or agency; or
> > >
> > > (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.

Fed. R. Civ. P. 24(b)(2). The decision of whether to grant permissive intervention is a matter within the Court's sound discretion. *See Blount—Hill*, 636 F.3d 278 at 287 (reviewing permissive intervention determination for abuse of discretion).

## II.

In support of his Motion to Intervene, the OAG asserts that he has substantial interests at stake in this action that may be impaired in the absence of adequate representation. The OAG explains that he is charged with collecting debts owed to the State of Ohio pursuant to Ohio Revised Code § 131.02. The OAG further explains that pursuant to Ohio Revised Code § 109.08, he regularly appoints special counsel for the purpose of collecting unpaid consumer debts owed to state agencies that have been certified to his office for collection. According to the OAG, in 2012, these special counsel recouped more than $191,000,000 that was owed to Ohio. The OAG requires the special counsel to use OAG letterhead in their debt-collection communications. The OAG maintains that the use of the letterhead accurately and clearly

3

conveys that special counsel act with the authority of the State and the OAG to collect debts owed to the State.  The OAG explains that notwithstanding their status as independent contractors, Ohio statutes set forth and define the authority of appointed special counsel to act on behalf of the State.  The OAG thus concludes that he has a substantial legal interest in this litigation given that it implicates the construction of agreements and statutes he administers in pursuing the debts owed to the State of Ohio and could impact his ability to recruit and retain special counsel to assist in his efforts to collect monies owed to the State.

The OAG further submits that intervention is proper because the named Defendants do not adequately share his interest in defending his statutory authority and continuation of practices under that authority.  The OAG acknowledges that the named Defendants share an interest in defending their past conduct, but asserts that they would not share his interests in defending the statutory scheme as a whole, his agreements with special counsel, and the future of the State's debt-collection operations.  According to the OAG, "[a]t stake here is more than just the actions of a few attorneys in collection matters; this case raises questions of the authority of the [OAG] and the ability of the State of Ohio to enact a statutory scheme that allows it to appoint attorneys to act for the State and to honestly convey that they act for the State."  (OAG's Mot. 6, ECF No. 4.)  The OAG further explains that "the State may take advantage of several collection devices not available to private creditors (such as withholding tax refunds, garnishing lottery or gambling winnings, etc.)" and that consequently, "a change in the practice in question may reduce the efficacy of the collection activity."  (OAG Reply 4, ECF No. 13.)  The OAG also references the pressures of potential settlement in a class action, pointing out that an individual defendant may agree as part of a settlement to abandon the practices the OAG seeks to defend.

Citing Rule 24(b)(2), the OAG alternatively submits that permissive intervention is appropriate because this case involves statutes and agreements made under those statutes that he administers.

Defendants support the OAG's Motion for Intervention. (ECF No. 12.) Defendants assert that in order to defend their use of the OAG's letterhead in connection with their collections communications, they intend to rely, in part, on Ohio's statutes and the OAG's special counsel contracts to argue that when they acted as special counsel, they did not misrepresent themselves.

Plaintiffs oppose intervention. (ECF No. 9.) Plaintiffs first posit that the OAG cannot intervene to represent himself. Plaintiffs next assert that aside from timeliness, the OAG fails to satisfy any of the requirements for intervention set forth in Rule 24. Plaintiffs maintain that the OAG has no substantial interest in this litigation given that Plaitniffs do not challenge his authority to collect debts owed to the State of Ohio or to require that the State's special counsel comply with certain requirements. Plaintiffs add that "had [they] wished to challenge the [OAG's] authority, it would have been necessary to name the State of Ohio in the lawsuit." (Pls.' Mem. in Opp. 4–5, ECF No. 9.) Plaintiffs further contend that any interests the OAG may have "are adequately represented by the named Defendants who ultimately have significant monetary liability at stake." (*Id*. at 5.) Plaintiffs speculate that the OAG seeks to intervene for the impermissible reason that he does not want the appointed special counsel to stop using his letterhead and seeks a declaration by this Court that their utilization of the letterhead does not violate the FDCPA.

Plaintiffs further maintain that the OAG is not entitled to permissive intervention under Rule 24(b)(2) because he cannot point to a statute or executive order he administers in this case.

5

In support of this contention, Plaintiffs reason that the OAG "does not administer federal law, and as such cannot administer the FDCPA." (*Id*. at 6.) Plaintiffs again emphasize that they do not seek to challenge the administration of any provision of the Ohio Revised Code.

Finally, relying upon this Court's February 27, 2013 Opinion and Order in *State of Ohio v. Nobile & Thompson Co., L.P.A.*, No. 2:12-cv-1053 (Frost, J.), Plaintiffs assert that the Court should deny the OAG's instant motion to intervene as an improper attempt to obtain "a second bite at the declaratory judgment apple." (*Id*. at 9.) Plaintiffs submit that Judge Frost's opinion makes clear that the OAG has no standing to bring the declaratory judgment claim he seeks to intervene to assert.

### III.

**A.     The OAG is Entitled to Intervene as a Matter of Right**

The Court finds that the OAG has established that he is entitled to intervene as a matter of right. Timeliness is not disputed, and the OAG has established the remaining three elements.

Turning to the second prong, the Court agrees that the OAG has articulated a substantial legal interest in this action. The Sixth Circuit has endorsed "a 'rather expansive notion of the interest sufficient to invoke intervention of right.'" *Grutter*, 188 F.3d at 398 (quoting *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)). Thus, "'close cases should be resolved in favor of recognizing an interest under 24(a).'" *Blount—Hill*, 195 F. App'x at 485 (quoting *Miller*, 103 F.3d at 1247). "For example, an intervenor need not have the same standing necessary to initiate a lawsuit." *Grutter*, 188 F.3d at 398 (citing *Purnell*, 925 F.2d at 948). Here, the OAG has asserted a substantial legal interest because this action implicates the construction of the statutes and agreements he administers in pursuing the debts owed to the State of Ohio and further implicates his practice of requiring specially appointed counsel to

6

utilize his letterhead in their collections communications.

The Court further finds that the OAG has satisfied the impairment prong of Rule 24(a). This element requires the movant to "show only that impairment of its substantial legal interest is possible if intervention is denied." *Miller*, 103 F.3d at 1247 (citing *Purnell*, 925 F.2d at 948). The Sixth Circuit has repeatedly described this burden as "minimal." *Id.*; *Grutter*, 188 F.3d at 399; *N.E. Ohio Coal. for Homeless & Serv. Emp. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006). Here, an adverse construction (namely, a finding that the statutes and agreements at issue do not convey governmental authority to appointed special counsel such that their use of the OAG letterhead is deceptive, misleading, or false under the FDCPA) could impact the efficacy of the OAG's efforts to collect debts in at least two ways. First, it could impact the OAG's ability to recruit special counsel for collections. Second, special counsel's collection efforts may not be as effective if they cannot indicate that they act with the authority of the State.

The OAG has likewise satisfied the inadequate representation prong. As with the impairment prong, "the [movant's] burden with respect to establishing that its interests are not adequately protected by the existing party to the action is a minimal one; it is sufficient to prove that representation *may* be inadequate." *N.E. Ohio Coal. for Homeless & Serv. Emp. Int'l Union, Local 1199*, 467 F.3d at 1008 (citing *Linton v. Comm'r of Health & Env't*, 973 F.2d 1311, 1319 (6th Cir. 1992)); *Grutter*, 188 F.3d at 400 ("The proposed intervenors need only show that there is a *potential* for inadequate representation."). Here, the OAG has demonstrated that the Defendants do not share his interests in defending his statutory authority, the continuation of practices under that authority, or the future of the State's debt-collection practices. The OAG has presented legitimate and reasonable concerns about whether Defendants, who are individual

attorneys, will defend the case as vigorously as the OAG given the threatened class action. As the OAG explained, "[i]ndividual attorneys—and, more likely, their insurers who have a contractual right to control the litigation—may feel that coercive pressure to enter a settlement that might adversely affect the interests at stake in this case." (OAG's Reply 5, ECF No. 13.) The OAG has therefore established the possibility of inadequate representation.

Finally, the Court rejects Plaintiffs' assertion that this Court's February 27, 2013 Opinion and Order in *State of Ohio v. Nobile & Thompson Co., L.P.A.*, No. 2:12-cv-1053 (Frost, J.), requires denial of the OAG's Motion to Intervene on the grounds that the OAG does not have standing to assert a declaratory judgment claim. As set forth above, for purposes of resolving the subject Motion to Intervene, the Court need not determine whether the OAG has standing to assert a declaratory judgment claim against Plaintiffs. *See Grutter*, 188 F.3d at 398 (citing *Purnell*, 925 F.2d at 948) ("[A]n intervenor need not have the same standing necessary to initiate a lawsuit."); *cf. San Juan County, Utah v. United States*, 503 F.3d 1163, 1201 (10th Cir. 2007) (quoting *Solid Waste Agency of Northern Cook Cnty v. United States Army Corps of Eng'rs*, 101 F.3d 503, 507 (7th Cir. 1996)) ("'The strongest case for intervention is not where the aspirant for intervention could file an independent suit, but where the intervenor-aspirant has no claim against the defendant yet a legally protected interest that could be impaired by the suit.'"). To the extent Plaintiffs seek to challenge the OAG's standing to bring the declaratory judgment claim, they may file an appropriate motion under Federal Rule of Civil Procedure 12.

In sum, the Court finds that the OAG may intervene as a matter of right pursuant to Rule 24(a).

**B.   The OAG has Established the Requirements for Permissive Intervention**

Alternatively, the Court finds that the OAG has satisfied the permissive intervention

requirements of Rule 24(b)(2). Plaintiffs' contention that the OAG is not entitled to permissive intervention because the OAG cannot administer the FDCPA ignores the plain language of Rule 24(b)(2), which provides that the operative statutes (or agreements made pursuant to the statutes) can form the basis of either a claim *or* a defense. Fed. R. Civ. P. 24(b)(2). A movant satisfies the requirement that it administers the statute upon which a party's claim or defense is based if the movant "manages directs, or supervises the application of the statute." *McHenry v. C.I.R.*, 677 F.3d 214, 220–21 (4th Cir. 2012) (citing *Lopez v. Monterey Cnty.*, 525 U.S. 266, 278 (1999)). Here, Defendants have represented that in order to defend its utilization of the OAG's letterhead in connection with their collections communications, they intend to rely, in part, on Ohio Revised Code §§ 131.02 and 124.11, as well as the OAG's special counsel contracts. (Defs.' Mem. in Support 2, ECF No. 12). The OAG has established that he is charged with collection of public debts under Ohio Revised Code § 131.02 and that in that capacity, he appoints attorneys as special counsel for collections under the specific authority of Ohio Revised Code § 109.08. The OAG has also established that the special counsel agreements upon which Defendants seek to rely were "issued or made" pursuant to Ohio Revised Code § 109.08. (*See* Special Counsel Retention Agreements at Recitals, Compl. at Exs. A and B, ECF No. 1-1 and 1-2 (referencing the authority of the OAG to enter into agreements under Ohio Revised Code § 109.08).) Thus, the Court concludes that the OAG has satisfied the requirements for permissive intervention under Rule 24(b)(2).

## IV.

For the reasons set forth above, the OAG's Motion to Intervene as a Defendant and Counterclaimant is **GRANTED**. (ECF No. 3.) The Clerk is **DIRECTED** to file the OAG's Answer and Counterclaim, filed as a proposed pleading at ECF No. 5.

**IT IS SO ORDERED.**


Date:  August 21, 2013                                         /s/ *Elizabeth A. Preston Deavers*
                                                                      Elizabeth A. Preston Deavers
                                                                      United States Magistrate Judge